IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | No. 4:23-CR-109-O |
| CARLOS JONES | § § § | |

### ORDER

Defendant Carlos Jones ("Jones") filed a pro se Motion to Withdraw Guilty Plea on June 26, 2023. *See* ECF No. 33. In the motion, Jones asserts he is dissatisfied with his attorney, that his attorney was ineffective, and he should be able to withdraw his plea of guilty because it was involuntarily made. Having considered the motion and applicable law, Jones' motion is **DENIED** for the following reasons.

A defendant does not have an absolute right to withdraw a guilty plea. *See United States v. Stephens,* 489 F.3d 647, 654 (5th Cir.2007). Withdrawal will be allowed after a guilty plea and before sentencing only if a defendant has shown that the request is supported by a fair and just reason. *See* Fed.R.Crim.P. 11(d)(2). District courts have broad discretion in determining whether to permit a defendant to withdraw a guilty plea. *United States v. Carr,* 740 F.2d 339, 344 (5th Cir.1984). The following illustrative factors are considered in determining whether a fair and just reason has been shown:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was

1

knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Id.*

Jones' motion fails to provide a fair and just reason supporting his request to set aside his guilty plea. Jones does not address the delay in pursuing this motion[1] or his failure to raise the issues in the motion at his guilty plea hearing. Indeed, the assertions in the motion contradict the sworn testimony given at his guilty plea arraignment where he testified that (1) he discussed his case with his attorney, (2) understood the nature of the charges against him, (3) admitted he committed the essential elements, (4) and was satisfied with his attorney's representation. In addition, he does not (1) address his innocence, (2) whether granting the motion would cause the government to suffer prejudice, (3) any inconvenience to the Court, or (4) provide details explaining why his guilty plea was not knowingly and voluntarily made. Overall, Jones' motion does not show that his request is supported by a fair and just reason. As a result, Jones' Motion to Withdraw Guilty Plea is **DENIED**.

Signed this 28th day of June, 2023.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] Defendant signed his Plea Agreement and Factual Resume on May 31, 2023.